*Original*

Jeffrey Lynn Kahn
c/o Carolyn Gross
5228 Badger Road
Santa Rosa, CA 95409
Tel. 707-537-6608

FILED

MAR - 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF IN PRO PER

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

JEFFREY LYNN KHAN,

Plaintiff,

v.

BRUCE CHRISTIANSEN, and, MARK STOCKTON, DOES ONE through TWENTY FIVE, inclusive,

Defendants.

Case No. C 07 1327 BZ

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. Section 1983; DEMAND FOR JURY TRIAL**

## JURISDICTION

1. Jurisdiction is based on federal question, 42 U.S.C. Section 1983, violation of plaintiff's due process rights under the 14th Amendment to the Constitution, and in *Valdivia v. Schwazenegger*, Stipulated Order for Permanent Injunctive Relief, No. Civ. S-94-0671 LKK/GGH and *Valdivia v. Davis* (E.D. 2002) 206 F. Supp. 2d 1068.

## VENUE

2. Venue is proper because the wrongful actions complained of occurred in Sonoma County, Northern California.

## INTRADISTRICT VENUE

3. Because the wrongful actions complained of occurred in Sonoma County, the San Francisco Division would be proper.

3a. Plaintiff JEFFREY LYNN KAHN (plaintiff) alleges as follows:

3. Plaintiff is a probationer in the State of Arizona.

4. Defendant BRUCE CHRISTIANSEN is employed by CDCR in the County of Sonoma as a Parole Officer. Defendant CHRISTIANSEN is named in his individual and official capacities

5. Defendant MARK STOCKTON is employed by CDCR in the County of Sonoma as a Unit Supervisor. Defendant STOCKTON is named in his individual and official capacities.

6. Defendants DOES ONE through TWENTY FIVE are various employees, contractors, or other agents for CDCR and/or Sonoma County who were involved in, and responsible for, the events alleged below, and are named in their individual capacities. The identities of these defendants are presently unknown to plaintiff or their roles with respect to the facts alleged below are unknown, and plaintiff accordingly names these defendants with fictitious names. Plaintiff will seek leave to amend this complaint when the identities of these defendants are revealed through discovery.

7. Plaintiff, who has lived most of his life in the State of California, moved to Sonoma County, California in January of 2003 after being accepted for supervision by the California Parole and Community Services Division of the California Department of Corrections, now known as the California Department of Corrections and Rehabilitation (CDCR) pursuant to the Interstate Compact on Adult Offender Supervision.

8. Plaintiff established a fitness marketing business, "Success Thru Fitness" in which he employed eight persons and through which he helped people in the community become more physically fit. Plaintiff worked with companies helping them to lower worker compensation costs as well as health care premiums for their employees. Plaintiff was an asset to the community in Sonoma County.

9. On January 20, 2005, Plaintiff's girlfriend at the time, Ms. Doe (a fictitious name in order to protect her privacy) made domestic violence allegations against Plaintiff. Subsequently, Plaintiff was arrested by the Sonoma County Sheriff and the Sonoma County District Attorney filed criminal charges against Mr. Kahn.

10. Mr. Kahn's parole officer at the time, Mr. Bruce Christiansen placed a parole hold on Mr. Kahn and referred the matter to the Board of Prison Terms, now known as the Board of

Parole Hearings (BPH). Thus, Plaintiff was incarcerated pending his state court trial in Sonoma County and a probable cause hearing before the BPH.

11. Plaintiff was released from Sonoma County Jail on February 28, 2005 after the parole hold was lifted and the Sonoma County judge permitted plaintiff to post bail. The parole hold was lifted as a result of new time rules regarding parole revocation proceedings in California that were established pursuant to the permanent injunction order that resulted from the federal court finding that delays in parole revocation proceedings violated due process protections. See Stipulated Order for Permanent Injunctive Relief, No. Civ. S-94-0671 LKK/GGH and *Valdivia v. Davis* (E.D. 2002) 206 F. Supp. 2d 1068.

12. On March 1, 2006, on information and belief, Defendant Christiansen retaliated against Plaintiff by rearresting Plaintiff for allegedly having violated a restraining order approximately two weeks prior to the re-arrest date. Defendant Christiansen placed a second parole hold on Plaintiff without fully investigating all of the allegations made in the related police report or verifying Ms. Doe's alleged injuries (on information and belief failed to obtain Ms. Doe's medical records even though they were sought by the Sonoma County District Attorney for the state case). Defendant Mark Stockton, who was Defendant Christiansen's supervisor at the time, approved of the second hold, even though Defendant Christiansen failed to comply with California Code of Regulations section 2601 and even though the second hold was placed in violation of the California Department of Corrections Operations Manual (DOM), Article 3, Arrest & Parole Hold, Section 81030.1 Policy where it states that a parolee will not be arrested as "punishment or as a means of instilling fear." Defendants Christiansen and Stockton also failed to comply with the above-mentioned DOM section which states that a "parole hold shall be maintained only when it is determined that the parolee's release from custody will pose a **serious risk** to the safety of other persons, the safety of the parolee, the security of property or when it is likely that the parolee will abscond." (emphasis added).

13. On information and belief, Defendants Stockton and Christiansen placed this second parole hold and maintained it to punish Plaintiff and his attorney for his release from custody on February 28, 2005.

14. As a result of this wrongful incarceration based on retaliation and a lack of due diligence in investigating the related police reports and alleged injuries to Ms. Doe, Plaintiff remained wrongfully incarcerated through his state court trial stemming from the same alleged incidents and until his illegal retaking to Arizona on September 8, 2005.

15. Plaintiff's state court trial ended in a mistrial in the end of June 2005. Sonoma County subsequently dismissed all charges against Plaintiff on August 5, 2005. Plaintiff then awaited his probable cause hearing for the same allegations which was set for September 13, 2005. Defendant CHRISTIANSEN failed to report this material information to Maricopa County, Arizona. On September 8, 2005, Plaintiff was illegally retaken by the State of Arizona prior to the probable cause hearing and without having a hearing before a California magistrate.

16. Plaintiff has been unable to reestablish his successful business and has suffered loss of business income, emotional distress, unnecessary incarceration, and a diminished professional and personal reputation.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## 42 U.S.C. § 1983
## VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT

17. Plaintiff incorporates by reference and realleges all previous paragraphs.

18. As evidenced by the violations of the California Code of Regulations and Corrections Operations manual (DOM), the California Penal Code, and an interstate compact between California and its several sister states, Defendants were under a duty not to violate Plaintiff's due process protections under the Fourteenth Amendment, defendants, and each of them, are, and were at all times relevant, required to refrain from engaging in the misconduct alleged above. These requirements conferred a federal due-process interest in plaintiff.

19. On information and belief, defendants, and each of them, violated the aforementioned laws by failing to investigate the allegations made by Ms. Doe against Plaintiff and by rearresting plaintiff as retaliation and punishment for his release on February 28, 2005.

20. Defendants, and each of them, therefore violated each of plaintiff's due-process rights. Defendants, and each of them, are liable to plaintiff for compensatory damages in an amount to be proven at trial, and are additionally properly subject to declaratory relief and a permanent injunction requiring defendants to adopt policies and practices that comply with the aforementioned laws.

## SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## DECLARATORY RELIEF

21. Plaintiff incorporates by reference and realleges all preceding paragraphs.

22. Defendants, and each of them, violated plaintiff's rights in the manners set forth above.

23. As a result of the aforementioned violations, an actual controversy now exists between plaintiff and defendants.

24. The controversy is ripe for review and will, until resolved, damage plaintiff.

25. Plaintiff is therefore entitled to a judgment declaring the illegality of defendants' current policies and practices of allowing placement of parole holds without doing a due diligence investigation into alleged wrongdoings and resulting injuries and by failing to do a legitimate and honest risk assessment such as plaintiff to be taken into custody while relying on police reports in which pertinent matters were not investigated.

## PUNITIVE DAMAGES

26. Plaintiff incorporates by reference and realleges all above paragraphs.

27. In engaging in the aforementioned conduct, all defendants, and each of them, acted with malice in an intentional effort to violate plaintiff's rights as alleged above, thus warranting punitive damages.

28. Accordingly, all natural-person defendants, and each of them, are liable to plaintiff for punitive damages in an amount to be proven at trial.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory and punitive damages in an amount to be proven at trial;

2. For a declaratory judgment declaring the illegality of defendants' current policies and practices of arresting individuals such as plaintiff in a retaliatory fashion, and further requiring defendants to adopt lawful policies and practices so that parole officers and supervisors conduct legitimate risk assessments prior to placing parole holds;

3. For a permanent injunction requiring defendants to adopt lawful policies and practices;

4. For costs of suit;

5. For attorneys' fees as provided for by law;

6. For all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: 3/1/07

JEFFREY LYNN KAHN

_____
Plaintiff in Pro Per

NO. DIST. OF CA.
U.S. DISTRICT COURT
RICHARD W. WIEKING, CLERK

2007 MAR -6 P 5:54

RECEIVED

CERTIFICATE OF SERVICE

I, JOANNE WARWICK, SERVED AN ORIGINAL AND TWO COPIES OF PLAINTIFF'S JEFF KAHN'S COMPLAINT ON THE UNITED STATES DISTRICT COURT FOR THE NORTHEERN DISTRICT OF CALIFORNIA IN SAN FRANCISCO, CALIFORNIA BY PLACING THEM IN THE DROP-BOX AT THE ENTRANCE OF THE CLERK'S DOOR/ 16th floor.

*[signature: Joanne Warwick]*     March 6, 2007

JOANNE WARWICK     DATE
p.o. Box 210126
San Francisco, CA 94121
Cell 415-724-3124

JS 44 (CAND) (Rev. 11/04)

original BZ

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
JEFFREY Lynn Kahn

**DEFENDANTS**
Bruce Christiansen
Mark Stockton

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Sonoma County
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jeff Kahn
5228 Badger Road, Santa Rosa CA
707-537-6605   95409

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| | | | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | | 870 Taxes (US Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 440 Other Civil Rights | 550 Civil Rights | | | [X] 890 Other Statutory Actions |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 555 Prison Condition | | | 42 USC 1983 |
| | 446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $_____ CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 3/1/07   SIGNATURE OF ATTORNEY OF RECORD   Jeff Kahn   Pro Per